Filed Nov. 18, 1886.

No. 12,563.

BAILEY v. SANGER ET AL.

WILL.—*Construction.*—*Independent Clauses.*— Where the two clauses of a will create an estate in the several devisees named, and they are not united grammatically or by the expression of a common purpose, each clause must be considered and construed separately, and without relation to the other, even though the testator may have had the same intention in regard to both.

SAME.— *When Subsequent Clauses will not Control.*—Where an interest or estate is given in one clause of a will in clear and decisive terms, it can not be taken away or cut down by raising a doubt upon the meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words giving the interest or estate.

SAME.—*Life-Estate in Widow, with Remainder Over.*—*Property not Devised Follows Law of Descent.*—Where, by the first clause of a will, the testator devised one undivided third of certain real estate to his wife during her life, with remainder over to their only child, a daughter, but making no devise over or other limitation upon the estate, the widow, on the death of the daughter, unmarried and childless, inherited the same by descent as sole heir.

SAME.— *When Widow not Entitled to Life-Estate.*—Where, in such case, by a second clause of his will, the testator devised the remaining two-thirds of his real estate to his daughter, and in the event of her death before, with no children living at, the death of his wife, " then the share of said property, above devised to my said daughter, is hereby devised and bequeathed to my father," etc., the widow, on the happening of the contingency, is not entitled to a life-estate in such two-thirds.

SAME.—*Possession of Devisees.*—The rule, that where a devise to one who stands in the relation of heir to the testator is to take effect in possession only upon the death of the testator's wife, the latter takes a life-estate by implication of law, has no application where, by the terms of the will, the devisees are entitled to possession immediately upon the death of the testator.

From the Lake Circuit Court.

*H. A. Gillett*, for appellant.

*J. W. Youche*, for appellees.

MITCHELL, J.—The controversy between the parties here involves the construction of the first and second clauses of the last will and testament of Sanford Sanger, deceased. These are as follows:

"Item 1st. I give and devise to my beloved wife, Amelia, in lieu of her interest in my lands, one-third of the farm on which we now reside, situated in Cedar Creek township, Lake county, Indiana; also one-third part of ten acres of timber lands situated in the same township and county, to have and to hold the same during her natural life as aforesaid. I direct that all my just debts be paid out of the avails of my personal property; and my said wife to have the balance of my personal property, after the payment of my debts as aforesaid. At the death of my said wife, the real estate aforesaid, I give and devise to my daughter, Sarah.

"Item 2d. I devise and bequeath to my daughter, Sarah, two-thirds of all the real estate of which I may die seized, it being two-thirds of the farm on which we now live; also, two-thirds of ten acres of timber land, all of said real estate being situated in Cedar Creek township, Lake county and State of Indiana. If my said daughter, Sarah, should die before the decease of my wife, leaving no children living at the death of my said wife, then the share of said property, above devised to my said daughter, is hereby devised and bequeathed to my father and mother, if living, or to the survivor of them, or if neither of them be living, then the same is to be divided equally between my brothers and sisters,

share and share alike, or to the heirs of those that are deceased in the same ratio.

"If my said wife should not survive me, then I devise and bequeath my property devised to my said wife, to my daughter, Sarah, if she be living; if not, then to descend to my parents if living, or to the survivor of them, or if neither of them, then the same to be inherited by my brothers and sisters in common."

The claim of the widow, who, subsequent to the testator's death, intermarried with Joseph Bailey, is two-fold in its character.

In the first paragraph of her complaint, she alleges the death of the testator, exhibits the will, which she avers was duly admitted to probate, and says that she and her daughter both survived the testator, but that the daughter has since died unmarried and childless. The widow elected to take under the will. It is averred that in her lifetime the daughter,—her guardian acting for her,—instituted proceedings in partition, which resulted in setting off to the widow one-third of the devised lands, and to the daughter two-thirds. That since the death of the daughter, the appellees, the brothers and sisters of the testator, his father and mother having died, are claiming that the appellant has only a life-estate in the one-third of the lands devised and subsequently set off to her, whereas her claim is, that by virtue of the premises she owns one-third of the lands devised, in fee.

This paragraph proceeds upon the theory, that by the first item of the will the appellant took an undivided one-third of the land for life, with remainder over to her daughter, that this remainder being vested in the daughter, and not otherwise disposed of by the will, descended upon the daughter's death to the appellant, her mother and sole heir.

The second paragraph sets up substantially the same facts as the first. As a legal conclusion flowing from the facts stated therein, the appellant claims that she became entitled to a life-estate in all of the testator's lands. This claim rests

upon the express devise of one-third for life, contained in the first clause of the will, and upon an implication which it is said arises from the language contained in the second item.

The first clause of the will is reasonably plain and unambiguous. By its terms the testator devised to his wife a life-estate in one-third of the lands therein mentioned, with remainder over upon the death of his wife, to his daughter. As the life-estate of the wife was carved out of the one-third only, the remainder over to the daughter related to the one-third out of which the life-estate had been taken. The estate in remainder is to be confined to the lands out of which the precedent estate had been carved. Thus, by the first item of the will, a complete disposition was made of the undivided one-third of the testator's land.

By the second clause, the title to the undivided two-thirds, which so far remained untouched by the testament, was devolved upon the testator's daughter, at his death, contingent upon the death of the daughter before the decease of the testator's widow; and upon the further contingency that at the death of the widow, the daughter should have no living child or children, the title to the share "above devised" was to vest in the father and mother of the testator, or the survivor of them, or in the event of the death of both, then in his brothers and sisters.

Under the well settled rule that the validity of a contingent estate, created by a will, is to be determined by considering the terms of the will alone, and not by what might have happened, or what actually did happen, it might have become a subject deserving consideration, whether upon the several contingencies mentioned, the remainder over was valid within the provisions of section 2962, R. S. 1881. As, however, no question is made in regard to the validity of the devise over, we intimate no opinion in that respect. *Nightingale* v. *Burrell*, 15 Pick. 104; Gray Rule against Perpetuities, section 201.

In our opinion the two clauses of the will, above set out,

are entirely independent of each other.   Each clause creates·
an estate in the several devisees therein named.   There is no·
apparent design to connect them, nor are they united gram--
matically, or by the expression of a common purpose.   In
such a case each must be considered and construed separately,
and without relation to the other, even though it may be con--
jectured that the testator had the same intention in regard
to both.   3 Jarman Wills, p. 708.

The question then comes to this:   Was the remainder in
the one-third, which the daughter took under the first clause
of the will, carried over to the brothers and sisters, upon the·
·happening of the contingencies provided for in the second
clause?   If it was, the appellant's interest in the land is con-
fined to a life-estate in the undivided one-third, which she
took under the will.   If it was not, then upon the death of·
the daughter without other heirs, the appellant, as mother·
and sole heir, took such remainder by ·descent cast.

As we have already seen, the first clause of the will made·
a complete disposition of the testator's entire estate in the un-
divided one-third, vesting an absolute and unconditional fee·
simple in the remainder in his daughter.

Where an interest or estate is given in one clause of a will,
in clear and decisive terms, " such interest or estate can not
be taken away or cut down by raising a doubt upon the ex--
tent and meaning and application of a subsequent clause, nor·
by inference therefrom, nor by any subsequent words that are·
not as clear and decisive as the words of the clause giving·
·that interest or estate."   *Thornhill* v. *Hall*, 2 Clark & Fin.
22; ·*Collins* v. *Collins*, 40 Ohio St. 353.

The second clause deals exclusively with the remaining two--
thirds.   After devising the two-thirds to his daughter, the
language is, after reciting certain apprehended contingencies,
" then the share of said property above devised to my said
daughter is hereby devised and bequeathed to my father,"
etc.   In our opinion this excludes the idea that it was the
purpose of the testator to deal with anything in the second

clause except the very subject then before him, namely, the undivided two-thirds. It may well be supposed that he was not unwilling that his wife, in the event of the death of his daughter without other heirs, should inherit an estate in his lands equal to that which she would have been entitled to absolutely as widow. We can not assume, without finding the intent expressed in terms, that it was the purpose of the testator not only to confine his wife to an estate for life in the one-third of his lands, but in addition to put his whole estate in such condition that she could by no possibility thereafter inherit anything upon the death of her only daughter. Even if such an intent was manifest, yet, before it could have been effectual, there must have been an actual, valid and unambiguous disposition of the estate over, after vesting it absolutely in the daughter. Property not otherwise disposed of follows the law of descent upon the death of the owner. *Parks* v. *Kimes*, 100 Ind. 148.

While it is true, the primary object in the construction of wills is to arrive at, and give effect to, the intention of the testator, as gathered from the whole instrument, it is nevertheless essential in order that such intention may be made effectual, that the established rules of law in respect to the transmission and descent of property be not disregarded.

The law does not favor the suspension of estates, hence where lands are devised, unless it plainly appears by a devise over, or by words of limitation, or otherwise in the will, that the estate of the first taker was to be less than an estate of inheritance in fee simple, his estate will not be cut down merely by implication.

As there was no devise over, or other limitation upon the estate which the daughter took under the first clause of the will, she died the owner in fee of the undivided one-third of the testator's land, and upon her death the appellant inherited this one-third as the sole heir of her daughter.

In respect to the appellant's second proposition, while not denying the rule, that where an estate is devised to one who

stands in the relation of heir to the testator,—the devised estate to take effect in possession only upon the death of the testator's wife,—the wife takes a life-estate by implication of law, it is sufficient to say the case before us is not one which calls for the application of the rule. The possession of the estate disposed of by the second clause of the will was not postponed until the death of the testator's wife. The daughter, as devisee under this clause, was entitled to the possession of the two-thirds of the land immediately upon the death of the testator, and assuming the devises over to have been valid, the title and right to possession were carried to the several persons successively designated, upon the happening of the contingencies giving them the right to the estate.

There is no language in the second clause of the will which denotes a purpose to suspend the right of enjoyment in the devisees of the two-thirds during the lifetime of the widow.

The conclusion thus reached is, that the ruling was right upon the second paragraph, and that the court below erred in sustaining the demurrer to the first paragraph of the complaint.

For this error the judgment is reversed, with costs.

Filed Nov. 19, 1886.