## LOGAN, ADMINISTRATOR, v. SILLS ET AL.

. [No. 3,983.   Filed January 9, 1902.]

WILLS.—*Construction.*—*Estate.*—Where by the terms of his will a testator gave to his wife "the full one-half of all" his property "to be used and expended by her in any way she may see proper, but at her death the unused portion of her property is to be divided equally between her collateral kindred and my collateral kindred," etc., the wife took a fee simple estate.

From Marshall Circuit Court; *A. C. Capron*, Judge.

Petition by John Sills and others for the distribution of the estate of Rachel Sills, deceased. From a judgment in favor of petitioners, Harley A. Logan, administrator, appeals. *Reversed.*

*S. Parker*, for appellant.
*C. P. Drummond, J. A. Shunk* and *F. W. Boss*, for appellees.

BLACK, J.—After a direction for the payment of his debts, the dispositive portions of the will of Samuel Sills, deceased, probated October 21, 1871, were as follows: "(2)

I give and bequeath to my beloved wife, Rachel, the full
one-half of all my property, both real and personal, of every
kind and description, subject to the payment of one-half of
my debts and funeral expenses and expenses of administra-
tion, to be used and expended by her in any way she may see
proper; but at her death the unused portion of her property
is to be divided equally between her collateral kindred and
my collateral kindred, the kin of each to receive one-half,
those nearest of kin to take in preference to those remote.
(3) I give and bequeath to my adopted daughter, Laura
Samuels, usually known as Laura Sills, the other full one-
half of all my estate, both real and personal, of every kind
and description, subject only to one-half of the debts and
expenses of administration and of my illness; to her, her
heirs and assigns, absolutely, and in her own right forever."
The property of the testator, real and personal, having been
partitioned and divided between Rachel and Laura, as di-
rected by the will, Rachel died in 1898, having survived the
testator more than twenty-six years and not having married
again, and the appellant as the administrator of her estate,
sold, under order of court, certain real estate held by her
by virtue of the will of her deceased husband, and after
paying a mortgage and taxes on the land, had in his hands
$4,490.92. There were debts of Rachel other than the
mortgage and taxes, which the personal property left by her
was not sufficient to pay, the deficit being $600. The testa-
tor did not leave a father or mother or children or adopted
children, except Laura Samuels; Rachel did not leave a
father or mother or children or adopted children; but there
are surviving collateral kindred of each of them. The ad-
ministrator contends that the widow, Rachel, took under the
will a fee simple estate in the land from which the fund in
his hands was derived, and that her collateral heirs are en-
titled to the whole thereof after payment of her debts. The
court below, upon these facts, decided, against the claim of
the administrator, in favor of the appellees, that Rachel

held only a life estate in the real estate of the testator, and that her nearest collateral heirs are entitled to one-half the proceeds thereof on distribution of the estate, and found that the appellees, as nearest collateral heirs of the testator, were entitled to one-half of the proceeds of the real estate, on distribution; and ordered the administrator, after paying from the fund the costs of the sale and the administrator's fees therefor, to pay the appellees one-half the proceeds of the real estate. We are to determine whether or not the court below properly construed the testamentary disposition of the real estate received by the widow.

We must seek the intention of the testator, not repugnant to the rules of law, in the language of the clause relating to the property in question, considered in connection with all other pertinent provisions of the will and any shown circumstances of the testator explanatory of his real meaning, expressed or implied in the terms of the will.

There does not seem to be any extraneous circumstance or any language of the will antagonistic to a purpose to give a fee simple to the wife, if the dispositive provision of the second item is susceptible of being so construed without inconsistency with the rules of construction applicable to wills. The common law rule, that a devise of lands generally and without words designating the estate devised carries only a life estate, can not, in this State, prevail against the intention of the testator, denoted by the terms of the will, to devise his entire interest; and the courts are easily satisfied that an estate of inheritance was intended, and will adopt any plausible excuse for rescuing a particular case from the operation of that rule against the testator's intention. *Roy* v. *Rowe*, 90 Ind. 54; *Korf* v. *Gerichs*, 145 Ind. 134; *Ross* v. *Ross*, 135 Ind. 367; *Rogers* v. *Winklespleck*, 143 Ind. 373; *Mulvane* v. *Rude*, 146 Ind. 476.

We do not attach as much importance as do counsel for the appellant to the use of the word "her" in the phrase "the unused portion of her property." This may be a mode

of expression intended by the testator merely to designate the property disposed of to his wife, as distinguished from the other half of his estate, disposed of in the third item to his adopted daughter; at least, it can not positively be said to have been intended to designate, or to assist in designating, the nature and extent of the estate given to the widow as being an estate in fee simple. We are not compelled to resort to so uncertain an indication of intention. When an estate in fee is clearly conferred by the terms of a will, expressly or impliedly, it can not be reduced to a life estate by subsequent language in the will not clearly and decisively so cutting down the absolute estate previously conferred. *Ross* v. *Ross, supra; Mulvane* v. *Rude, supra.*

A devise of an estate generally or indefinitely, with a power of disposition over it, carries a fee. 4 Kent Com. 319; *Dunning* v. *Vandusen,* 47 Ind. 423, 17 Am. Rep. 709.

In *Mulvane* v. *Rude,* 146 Ind. 476, it is said to be established law that, where an estate is given to a person generally or indefinitely, with a power of disposition, it carries a fee, and any limitation over is void for repugnancy. See, also, *Rusk* v. *Zuck,* 147 Ind. 388, 394.

In *Cameron* v. *Parish,* 155 Ind. 329, 336, it is said to be a well established rule that, where an estate is given by will generally and indefinitely to a person, with full power of disposition, in the absence of an express mention in the will to show that the estate given is limited to the life of the donee, it must be held that such devise carries the fee simple, and that any limitation over is inoperative and void by reason of its being repugnant to the principal devise. See, also, *Hammond* v. *Croxton* (Ind. App.), 61 N. E. 596; *Benninghoff* v. *Evangelical Assn., post,* 374.

In the will before us, the unqualified authority to dispose of the estate is not only implied in the attempted gift over of what should remain unused, but is expressly and directly and very fully given; and there are no words indicating an intent of the testator to give his widow a smaller estate than

that given in the former portion of the second item of the will, though the testator directed how, at her death, the portion unused by her should be divided.

Judgment reversed.