## Hume et al. *v.* McHaffie et al.

[No. 5,643. Filed May 3, 1907. Rehearing denied December 19, 1907.]

1. WILLS.—*Construction.*—*Intention.*—The intention of the testator, where it does not conflict with the law, is the goal in the construction of a will; and in the ascertainment of such intention all of the provisions of the will should be considered. p. 704.

2. ESTATES.—*Vesting.*—*Wills.*—The law favors the early vesting of estates; and wills will be construed so as to vest the estates devised at the earliest possible moment. p. 705.

3. WILLS.—*Cutting Down Devises.*—Where a will clearly devises an estate in fee, subsequent language, in order to cut down such estate, must contain language as clearly and decisively cutting down such fee. p. 705.

4. SAME.—*Devises.*—*Cutting Down.*—A will in form: "I give and bequeath unto my wife * * * all of my real estate including my residence * * * and all of my household goods and personal property * * * [and] after the decease of my wife * * * I will that all the real estate and personal property belonging to her at the time of her decease be equally divided among my three children," gives to the wife a fee simple in the real estate and a transmissible interest in the personalty. Comstock, J., dissenting. p. 706.

5. WORDS AND PHRASES.—*"Will."*—*Wills.*—The word "will" in a clause in a will in form: "I give and bequeath to my son [certain property], and will that he should stay with his mother until he is 21 years old," expresses simply a wish or request that the son should so remain with his mother. p. 707.

6. WILLS.—*Trusts.*—*Precatory.*—A will clearly devising testator's property to his widow in fee, and further providing that the property left at the death of such widow shall be divided among testator's three children, does not create a precatory trust. p. 707.

From Hendricks Circuit Court; *Presley O. Colliver,* Special Judge.

Suit by Emma McHaffie and others against Laura F. Hume and another. From a decree for plaintiffs, defendants appeal. *Reversed.*

*Harding, Hovey & Wiltsie, Otis E. Gulley* and *Hume & Gaston,* for appellants.

*James L. Clark* and *Brill & Harvey,* for appellees.

WATSON, J.—This suit was brought by the appellees, who were plaintiffs below, to quiet title to certain real estate as against Laura F. Hume, the defendant, and for the partition of the same among the plaintiffs, Emma McHaffie, Nettie Snoddy and Otis S. Cosner. Upon the request of the parties the court made a special finding of facts and stated conclusions of law thereon. The result of this appeal depends upon the construction given to the fifth clause of the last will and testament of Samuel Cosner, deceased. The testator, by items two, three and four of his will, gave personal property to his three children. Item fifth is as follows:

"I give and bequeath unto my wife Nancy L Cosner all of my real estate including my residence in Stilesville and all of my household goods and personal property except the above amount given to my three children, after the decease of my wife Nancy L. Cosner I will that all the real and personal property belonging to her at the time of her decease to be equally divided among my three children Emma McHaffie Nettie Snoddy and Otis Samuel Cosner. I give and bequeath unto Laura F Hume $50 in money."

The trial court held that by the terms of said item five, said Nancy L. Cosner took only a life estate in the real estate in controversy, and adjudged the appellees owners thereof, and ordered the same sold and the proceeds arising therefrom divided among the appellees. The appellants, on the contrary, contend that by the terms of clause five Nancy L. Cosner was entitled to the real estate in controversy in fee simple. The purpose of construing wills is to ascertain the intention of the testator and give effect to the language employed in the will, so long as by so doing it does not interfere with the well-established rules of law. Therefore, the intention of the testator is and should be the first object of inquiry, and to this end it is necessary that the entire will should be considered in determining and arriving at such intention. Each item will be construed with reference to the others, and the will as a whole, if possible,

will be considered and given an effect. *Ross* v. *Ross* (1893), 135 Ind. 367; *Fowler* v. *Duhme* (1896), 143 Ind. 248; *Mulvane* v. *Rude* (1896), 146 Ind. 476; *Langman* v. *Marbe* (1901), 156 Ind. 330; *Logan* v. *Sills* (1902), 28 Ind. App. 170; *Burke* v. *Barrett* (1903), 31 Ind. App. 635.

The law of our State favors the vesting of estates, and is averse to the postponement thereof; and, in the absence of any language of a clear intention of the testator so to do, an estate will be held to vest at the earliest possible period; and the courts will, if possible, construe the terms of a will as creating a vested estate. *Miller* v. *Keegan* (1860), 14 Ind. 502; *Davidson* v. *Koehler* (1881), 76 Ind. 398; *Heilman* v. *Heilman* (1891), 129 Ind. 59; *Wright* v. *Charley* (1891), 129 Ind. 257; *Fowler* v. *Duhme, supra; Gingrich* v. *Gingrich* (1896), 146 Ind. 227; *Aspy* v. *Lewis* (1899), 152 Ind. 493; *Burke* v. *Barrett* (1903), 31 Ind. App. 635; *Borgner* v. *Brown* (1893), 133 Ind. 391; *Amos* v. *Amos* (1889), 117 Ind. 19.

Where real estate is devised in fee simple in one clause of the will in clear and decisive terms, it cannot be taken away or cut down by raising a doubt about a subsequent clause, nor by any inference therefrom, or by any subsequent words that are not as clear and decisive as the words of the clause giving the estate in fee simple; and where a devise is plainly given in fee it will not be presumed that the testator meant by any subsequent words to reduce the estate to one for life, unless the language employed so indicates such intention, and is as clear and in as strong terms as that devising the estate in fee simple. Schouler, Wills (3d ed.), §559; *Bailey* v. *Sanger* (1886), 108 Ind. 264; *Ross* v. *Ross, supra; Mulvane* v. *Rude, supra; Langman* v. *Marbe, supra; Logan* v. *Sills, supra; Rusk* v. *Zuck* (1897), 147 Ind. 388; *Wright* v. *Charley, supra.*

If the testator had stopped when he said, "I give and bequeath unto my wife Nancy L. Cosner all of my real estate

including my residence in Stilesville and all of my
4.   household goods and personal property except the
above amounts given,'' (by which the testator re-
ferred to items two, three and four of the will), all doubt
that his wife took the real estate in fee and the personal
property absolutely would be removed. Is the subsequent
language used in the item strong enough and clear enough
to cut down the former language so as to reduce it to a life
estate? This is the real and vital question in the construc-
tion of this will. The testator said, ''I will that all the real
and personal property belonging to her at the time of her de-
cease to be equally divided among my three children,''
naming them. Evidently he had in mind a request to his
wife as to what to do with her property when she was
through with it. He does not say for her to give to his chil-
dren the property which he has devised to her, but he uses
the words ''at that time,'' showing that he did not expect
her to have the same property at the time of her death that
she had received from him by the first clause of item five of
his will. Where real estate is devised in fee simple, and in
a subsequent clause of the will the testator expresses a wish
that the devisee will make certain disposition of the prop-
erty so devised after the death of the devisee, such a wish
or desire in the subsequent clause does not diminish the
character of the estate or cut down the fee simple as pro-
vided for in the former clause of the will. To do so the
language employed by the testator must be clear and de-
cisive enough to make it absolutely imperative. *Mitchell* v.
*Mitchell* (1895), 143 Ind. 113; *Lumpkin* v. *Rodgers* (1900),
155 Ind. 285.

Item four of the will under consideration is as follows:

''I give and bequeath to my son, Otis Samuel, three
colts which I now own, and $100 in money, and will
that he should stay with his mother until he is twenty-
one years old. All of the above amounts is to be paid
out of the proceeds of the sale of my interest in my
father's farm.''

What construction is to be placed upon the word "will," in item four, when the testator used this language: "I will that he should stay with his mother until he is twenty-one years old?" We assume that the word "will," as herein used by the testator, was intended as a desire, or a request to his son, that he should live with his mother during the period named. This is the natural and only construction that can be given the word "will" as herein employed.

At the last analysis, the intention of the testator is the main and controlling question, and in the light of the authorities cited herein each case must be determined according to its own particular and peculiar features and circumstances. The appellees contended that by the fifth clause of the will the widow held the property in trust until her death, to the end that the children named therein should finally share equally in the distribution of the same. The rule regarding precatory trusts, as stated in 2 Pomeroy, Eq. Jurisp., §1016, quoted in 27 Am. and Eng. Ency. Law, 40, and approved in *Mitchell* v. *Mitchell, supra,* is as follows: "In order that a trust may arise from the use of precatory words the court must be satisfied from the words themselves, taken in connection with all the other terms of the disposition, that the testator's intention to create an expressed trust was as full, complete, settled, and sure as though he had given the property to hold upon a trust declared in express terms in the ordinary manner." It is difficult, therefore, to formulate any general rule upon the subject. The intention of the testator is the main thing, but how is that to be determined? In the first place, the entire will should be considered in determining the intention, and the precatory words should not only be of such a character as to indicate that the testator intended a trust to be created, but they must also be consistent with the other provisions of the will—that is, they must not be repugnant to positive provisions by which the same property is devised

or bequeathed absolutely or without limitation. Secondly, the words should be given their natural and ordinary meaning, unless there is something to show that they were intended to be taken in a different sense.'' See, also, *Rogers* v. *Winklespleck* (1896), 143 Ind. 373; *Fullenwider* v. *Watson* (1887), 113 Ind. 18, and cases cited.

Looking at this will from the four corners, and construing clauses four and five thereof, it is evident that, when the testator used the word ''will'' in the fifth clause, he did not intend to create an express trust, nor should the language, ''I will that all the real estate and personal property belonging to her at the time of her decease be equally divided among my three children, Emma McHaffie, Nettie Snoddy and Otis Samuel Cosner,'' be construed as imperative, but, on the contrary, as advisory only. To hold to the contrary would be clearly repugnant to the first clause of said item five, which devises the real estate absolutely and without limitation, and therefore in violation of the rule above stated, which requires that ''they must not be repugnant to the other positive provisions by which the same property is devised or bequeathed absolutely or without limitation.'' We hold, and so decide, that said Nancy L. Cosner by item five of the will of Samuel Cosner, deceased, took the real estate therein described absolutely and without limitation. We, therefore, sustain the appellant's exception to the conclusions of law.

The judgment is reversed, and the cause is remanded, with instruction to state conclusions of law in favor of the appellants in accordance with this opinion.

## DISSENTING OPINION.

COMSTOCK, J.—Suit by appellees, plaintiffs below, to quiet title to certain real estate and for partition of the same as between the original plaintiffs Emma McHaffie, Nettie Snoddy and Otis S. Cosner. Upon request of all the parties, the court made a special finding of facts and stated con-

clusions of law. The result of this appeal must depend upon the construction given to the last will and testament of Samuel Cosner, deceased. · By items two, three and four, personal property is given to the three children of the testator. The court is called upon to construe item five of said will, which reads as follows:

"I give and bequeath unto my wife Nancy L Cosner all of my real estate including my residence in Stilesville and all my household goods and personal property except the above amount given to my three children, after the decease of my wife Nancy L. Cosner I will that all the real and personal property belonging to her at the time of her decease to be equally divided among my three children Emma McHaffie Nettie Snoddy and Otis Samuel Cosner. I give and bequeath unto Laura F Hume $50 in money."

The trial court held that said item gave a life estate only to Nancy L. Cosner in the real estate in controversy. Appellants contend that this was error, and that said will gave to Nancy L. Cosner title in fee simple. All of the textbooks which treat of the construction of wills repeat the formula that the intention of the testator is the primary consideration in applying the rules of construction. It is repeated in so many reported cases that it is not necessary that any one be cited. There are qualifications to the rule, the first of which is that the intention expressed in the will is to govern (if it is not inconsistent with some established rule of law), and this must be judged of exclusively by the words used, and from a full view of everything "contained within the four corners of the instrument." *Fenstermaker* v. *Holman* (1902), 158 Ind. 71, and cases cited; *Pate* v. *Bushong* (1903), 161 Ind. 533, 63 L. R. A. 593, 100 Am. St. 287, and cases cited. The transcript shows some punctuation in item five. It is stated in the brief of appellees that there is no punctuation in the entire item. The will was manifestly drawn by an unskilled person. The words: "I give and bequeath unto my wife Nancy L Cosner all of my

real estate including my residence,'' etc., might create, under the decisions, an estate of inheritance, if the will contained no other words to limit or control them. The testator has not said in express terms that he devises said real estate to his widow in fee simple, either in apt words or by the use of legal words of inheritance. He has clearly and distinctly provided that after the death of his wife the real estate was to go to his children, naming them. *Pate* v. *Bushong, supra.* It is the rule of construction that all that is said upon a single subject must be considered together. The words of the devise to the wife do not stand alone. They are a part of the same item, the same clause, the same sentence, and they are to be considered with the remainder of the sentence to ascertain the purpose of the testator. The words ''after the decease of my wife'' clearly limit the estate to the wife to her natural life. Had the testator said: ''I give and bequeath to my wife Nancy Cosner during her natural life,'' the purpose to give a life estate could not have been plainer. If an estate in fee simple is given, such estate cannot be cut down or modified by a subsequent clause, unless the intention to do so is manifest by words as clear and certain as those which gave the fee simple; and so appellants assume that the testator devised the fee simple, and then proceeded in a subsequent clause of the will to cut down said estate to a life estate. The assumption is not warranted by a consideration of all the words in the clause; but the words following the opening lines of the fifth item, which appellants insist give a fee simple estate to the widow, are followed by words which as clearly and certainly give only a life estate. If there is a doubt as to the estate devised, the intention of the testator should govern. Under the construction most favorable to appellants, it may be said that there is doubt as to the testator's intention, so the conclusion of the trial court should be sustained.

Appellants, in further support of their views, claim that the last provision of said item five are words of simple recom-

mendation and request, and do not cut down the devise in fee simple. It has been held that where a testator devises an estate in fee to a widow, mere precatory words, subsequently used, evincing a desire on the part of the testator that his children should enjoy the estate upon her death, are not sufficient to limit the force of the prior language. The construction of a will must largely depend upon its own particular words. The word "will" means to give, devise and bequeath by a last will or testament, and cannot, in the connection in which it is used, be considered as a request.

The judgment should be affirmed.