## EWART *v.* EWART ET AL.

[No. 10,371.   Filed May 9, 1919.]

1. WILLS.—*Construction.—Intention.*—In construing a will, the primary purpose of the court is to determine, if possible, the intention of the testator as expressed therein, and to give effect thereto.   p. 170.

2. WILLS.—*Construction.—Intention.—Consideration as a Whole.*—In determining the testator's intention, isolated statements or separate clauses and provisions of a will should not be considered alone, but the whole will should be taken together, and each part construed with relation to the language used in other parts and effect given to the general intention thereby ascertained.   p. 170.

3. WILLS.—*Construction.—Estate Devised.—Devise with Power to Sell.*—A devise of real estate to a testator's son, "to have and to hold forever with the power to sell the same and invest the proceeds in such other property, real or personal, as he may deem best," subject to the life estate of testator's widow, creates a fee, regardless of a repugnant devise over to testator's grandchildren after the son's death.   p. 171.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Daniel Oliver Ewart against Anna B. Ewart and others. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*J. W. Moffett,* for appellant.
*Cline & Cline* and *Hemphill & Roselip,* for appellee.

NICHOLS, J.—Appellee David Oliver Ewart filed his complaint in the Huntington Circuit Court against his coappellees and the appellant to quiet the title to an eighty-acre tract of land in Huntington county. The defendants, including the appellant, answered separately in general denial. There was a trial, which resulted in special findings of fact, and conclusion of law in favor of appellee David Oliver Ewart. Appellant duly excepted to the conclusion of law, and, after motion for a new trial, which was overruled, judgment was entered in favor of appellee David Oliver Ewart, quieting the title to said real estate in him in fee simple. From this judgment this appeal is prosecuted.

The only error relied upon for reversal is that the court erred in its conclusion of law rendered upon the special findings of facts.

The substance of the special findings, so far as they concern this opinion, is as follows: Mahlon D. Ewart died testate December 30, 1892, and his will was probated January 9, 1893. It contains provisions as follows: Item 1. Direction for the payment of his debts. Item 2. A devise and bequest of all his estate real and personal to his wife, Thalia T. Ewart, during her natural life. Item 3. A bequest to Samuel DeHaven of $300. Item 4. A bequest to Caroline Lantis of $300. Item 5. A bequest to Albert DeHaven of $300. Item 6. A devise to appellee David Oliver

Ewart of the real estate in controversy, situate in Huntington county, Indiana, "to have and to hold forever with the power to sell the same and invest the proceeds in such other property, real or personal, as he may deem best," subject to the life estate of testator's wife, Thalia T. Ewart, "and after the death of my dear son, David Oliver, I will and bequeath the real estate herein in this item to my grandchildren, Verney Ewart, Alaska Ewart, Lloyd Ewart, and Emerson Ewart, equally and should my son David Oliver Ewart sell the real estate in this item bequeathed, he shall be deemed a trustee of the fund therefrom derived to this extent, that on his death whatever of the same is remaining shall descend to my grandchildren as herein provided, to wit: Verney Ewart, Alaska Ewart, Lloyd Ewart and Emerson Ewart." Item 7. A devise to Theodore Ewart, similar to the one in item 6.

Under item 6 of the will aforesaid, appellee David Oliver Ewart claims title to the real estate in controversy in fee simple. He moved onto said land in the year 1892, and has since continued to occupy it in person, or by his son Alaska as tenant, and has never sold it. Thalia T. Ewart, widow, died August 26, 1899. "Emerson" Ewart named in item 6 should be Emmet B. Ewart. He was a son of appellee David Oliver Ewart, and died August 12, 1914, testate, leaving his widow, the appellant, but leaving no children. The will of Emmet B. Ewart gives $500 and one-third of his real estate to his widow, appellant herein. Appellees Alaska Ewart, Lloyd Ewart, and Verney V. Will (formerly Ewart) are the children of appellee David Oliver Ewart, and are the same persons mentioned in item 6 of the will of Mahlon D. Ewart,

and the appellant is the widow and only heir at law of the said Emmet B. Ewart, and is the same person named in his will by that name. Appellees Alaska Ewart, Lloyd Ewart, and Verney V. Will claimed an interest in said real estate through the will of Mahlon D. Ewart, and from no other source, but are not prosecuting an appeal, and appellant claims a fee-simple title to one-twelfth of said real estate through the will of her said husband, Emmet B. Ewart, and through the will of said Mahlon D. Ewart, and from no other source, and further claims that appellee David Oliver Ewart has only a life estate in said real estate. The liens created by items 3, 4, and 5 have been fully paid and discharged.

Upon the foregoing facts the court stated the following conclusion of law: "(1) The law is with the plaintiff, and that he is the owner of said real estate in fee simple, and his title should be quieted in him as against all the other defendants. Dated this 30th day of June, 1916."

The controlling question in this case is the nature of the estate devised to appellee David Oliver Ewart by the last will and testament of his father, Mahlon D. Ewart, and to determine this it is necessary to construe the will of said Mahlon D. Ewart, especially item 6 thereof. In performing this duty, it should be the primary purpose of the court to determine, if possible, the intention of the testator as expressed in his will, and to give effect thereto. In determining this intention, isolated statements or separate clauses and provisions should not be considered alone, but the whole will should be taken together, and each part be construed with relation to the language used in other

parts, and effect given to the general intention thereby ascertained. 40 Cyc 1414, and cases there cited. *Hayes* v. *Martz* (1910), 173 Ind. 279, 89 N. E. 303, 90 N. E. 309. Applying this rule of interpretation to the will in controversy, appellant earnestly insists that it was not the intention of Mahlon D. Ewart, testator, to give to appellee David Oliver Ewart a fee simple in the land involved, as is evidenced by the latter clause of item 6 of such will, by which testator undertakes to give to appellant's husband and other grandchildren of testator, at the death of appellee David Oliver Ewart, the real estate involved, or, in the event that it has been sold by appellee David Oliver Ewart, then the amount remaining of the proceeds of such sale at his death. Appellant's contention is plausible, and it would seem that it should prevail, except for another principle of construction, which must prevail as against appellant's contention. The devise to David Oliver Ewart is "to have and hold forever, *with the power to sell the same and to invest the proceeds thereof in such other property, real or personal, as he may deem best.*" It is a well-established rule that, where an estate is given to a person generally, or indefinitely, with power of disposition, it carries a fee, and the devise over is repugnant and void. The only exception to the rule is where the testator gives to the first taker an estate for life only, by certain and express words, and annexes it to the power of disposal. 40 Cyc 1580; *Curry* v. *Curry* (1915), 58 Ind. App. 567, 105 N. E. 955; *Cameron* v. *Parish* (1900), 155 Ind. 329, 57 N. E. 547; *Mulvane* v. *Rude* (1896), 146 Ind. 476, 481, 45 N. E. 659; *Logan* v. *Sills* (1902), 28 Ind. App. 170, 62 N. E. 459; *Benninghoff* v. *Evangelical*

*Assn. Church* (1902), 28 Ind. App. 374, 61 N. E. 952. The authorities to sustain this principle are numerous; but we do not deem it necessary to cite others. Appellant has cited no authorities by which she can escape the rule, and we know of none.

The judgment is affirmed.