KRAMER ET AL. *v.* KRAMER ET AL.

[No. 16,625. Filed April 15, 1941.]

*Benjamin F. Zieg,* of Evansville, for appellants.

*Ernest J. Crenshaw,* of Evansville, for appellees.

STEVENSON, P. J.—This action was brought by the appellants to quiet title to an undivided three-fourths interest in certain real estate.

The complaint was in two paragraphs to which a demurrer was addressed. This demurrer was sustained as to the second paragraph of the complaint. Following this ruling, the appellants dismissed the first paragraph

of the complaint and elected to stand upon the ruling of the court on the demurrer to the second paragraph.

Judgment was accordingly rendered against appellants and it is from this judgment that this appeal has been prosecuted.

The only error properly assigned in this court is the alleged error in sustaining the demurrer to the second paragraph of complaint.

This complaint alleged generally that the appellants were the owners of an undivided three-fourths interest in a lot in the city of Evansville, Vanderburgh County, Indiana. They further alleged that in 1893 the father of these appellants and of the appellee Hanna Kramer, was the owner of eighty acres of land in Posey County, Indiana, and a large amount of personal property.

The complaint further alleges that August Kramer died testate leaving as his legatees his widow, Catherine Kramer, and his children, the appellants herein, and the appellee Hanna Kramer. The complaint sets out item two of the will of August Kramer, which reads, in part, as follows:

"I give, bequeath and devise my whole estate both real and personal to my beloved wife, Catherine, to have and control the same according to her own good pleasure, with only this condition of limitation that should she not dispose of my estate or any part thereof remain undisposed at her deceased (decease) then and in that case all of my estate yet remaining, both real and personal, shall go and descend to my children in equal shares."

This will was probated and the estate was administered upon in Posey County, Indiana. Pursuant to the terms of said will, the widow, Catherine Kramer, took possession of the real estate and personal property left by August Kramer and continued in possession thereof until 1910, at which time she sold the real estate and

personal property left to her by her deceased husband, and received therefor approximately $10,000.00. At this time, the said Catherine Kramer gave to each of the appellants and to Hanna Kramer the sum of $1,000.00, and with the balance of the money received from the sale of the real estate and personal property, she purchased a lot in the city of Evansville, Indiana, and placed the title of the same in the name of the appellee Hanna Kramer.

The complaint further alleges that Catherine Kramer died on the 3rd of January, 1938, and that appellee, Hanna Kramer, is now claiming all of the real estate purchased by her mother in Evansville, and has attempted to dispose of the same to the appellee, Carrie D. Ebert.

The complaint closes with a prayer that the appellants' title to the three-fourths interest in the real estate be quieted.

The appellants contend that under the terms of the will of August Kramer, the widow, Catherine Kramer, obtained only a life estate in the property devised to her, and the remainder of such estate, upon the death of the widow, passed in equal shares to the appellants and appellee Hanna Kramer. The appellees, on the other hand, contend that the will in question gave to the widow an estate in fee simple and the appellants accordingly have no interest in the real estate described in the complaint. These contentions require an interpretation of item two of the will as above quoted.

It will be noted that the will in question gave to Catherine Kramer the whole estate of the testator, both real and personal, "to have and control the same according to her own good pleasure." This language is sufficient within itself to confer upon the widow a fee simple title. The question presented

is whether or not the condition following this language is sufficient to reduce the estate devised to a life estate only. This language imposes "only this condition or limitation, that should she not dispose of my estate or any part thereof remain undisposed at her decease, then and in that case all of my estate yet remaining, both real and personal, shall go and descend to my children in equal shares." It is our opinion that this condition does not operate to reduce the fee simple title devised to the widow.

Provisions of a will, very similar to this, were before this court in the case of *Ewart* v. *Ewart* (1918), 70 Ind. App. 167, 171, 123 N. E. 180. In that case, this court said:

"It is a well-established rule that, where an estate is given to a person generally, or indefinitely, with power of disposition, it carries a fee, and the devise over is repugnant and void. The only exception to the rule is where the testator gives to the first taker an estate for life only, by certain and express words, and annexes it to the power of disposal."

The same rule is announced in the case of *Curry* v. *Curry* (1915), 58 Ind. App. 567, 578, 105 N. E. 951:

". . . 'where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is, where the testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposal. In that particular and special case, the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion.' "

It is clear to us, that the testator intended to give his whole estate to his beloved wife with full power to control and dispose of the same. It was only in the event that she should not dispose of some part of the estate that the testator attempted to make further disposition of the undisposed part thereof. This effort,

on the part of the testator, to create a limitation over by way of an executory devise, was void. *Vaubel* v. *Lang* (1924), 81 Ind. App. 96, 140 N. E. 69. See also *Cameron* v. *Parish* (1900), 155 Ind. 329, 57 N. E. 547.

It will be further noted that there is no language used in this item of the will which creates a life estate in the widow by certain and express words. It is unquestionably true that the testator intended to confer upon his widow the right and authority to dispose of his property. To do this, he must have intended that she possess a fee simple title. Conceding, for the sake of argument, that the language used was insufficient to convey a fee simple title in the first instance, yet, the power of disposition was unquestionably intended and, when exercised, was sufficient to enlarge a determinable fee into a fee simple title. As was said by this court, on page 106, in *Vaubel* v. *Lang, supra:*

> "The power of disposition, which accompanies a general or indefinite devise, and thus makes the estate granted a fee simple, need not become effective on the death of the testator, but the right to exercise such power may be deferred, within the limitations prescribed by the statute against perpetuities. During such time a determinable fee may exist in the first taker, which will be enlarged into a fee simple, upon the happening of the event that marks the limit of time during which the power of alienation is withheld."

It is alleged in the complaint, and admitted for the purpose of the demurrer, that the said Catherine Kramer sold and disposed of the farm and personal property bequeathed to her in her deceased husband's will. The money received from this sale was given away by the widow to the extent of $4,000.00. This she had a right to do, and she also had the right to dispose of the remainder as she wished. The complaint alleged that, with the balance of the money re-

ceived from the sale, she purchased the real estate involved and placed the title to the same in her daughter, Hanna Kramer. Thus, the entire property, which came to Catherine Kramer by virtue of her husband's will, was disposed of by her in her lifetime. No part of the estate of August Kramer remained undisposed of, at the time of Catherine Kramer's death, in January, 1938. There was, accordingly, nothing left to descend to the appellants under the will.

For the reasons stated, we hold that the trial court did not err in sustaining the demurrer to the second paragraph of complaint. The judgment of the trial court is, therefore, affirmed.

NOTE.—Reported in 33 N. E. (2d) 360.