SLATER *v.* AKRON EXCHANGE STATE BANK.

[No. 27,859.   Filed June 17, 1943.]

*Claude D. Carson,* of Plymouth, and *Roscoe L. Egger,* of Bremen, for appellant.

*Loder L. Patterson,* of Akron, and *Brown & Brown,* of Rochester, for appellee.

RICHMAN, J.—Judgment was against appellant upon his refusal further to plead after demurrer to his complaint was sustained. The only question in this appeal is the construction to be given Item 2 of Truman C. Slater's will which reads:

"ITEM 2. I will, devise and bequeath all my property of which I may die seized or possessed, be it real, personal or mixed, and wherever situated, after said Item 1 of this will has been complied with, to my beloved wife, Emma A. Slater, to have and hold all of the same, as her sole and absolute property forever upon this express proviso that in event there is any property, be it real, personal or mixed, and wherever situated, left and remaining at the death of my said wife, Emma A. Slater, which she has received from me under this will, then in that event all of said property so left and remaining shall pass to and vest in my son Orton V. Slater, he to have and hold all of the same as his sole and absolute property forever after the death of my said wife."

Appellant's theory is that the will gave to Emma A. Slater a life estate with power of disposition and to him the remainder and, therefore, that he is entitled after her death, to all property taken by her under the will of which she made no disposition during her lifetime. If however she took a fee, the trial court's ruling was correct. The applicable principle is stated in *Mulvane* v. *Rude, Executor* (1896), 146 Ind. 476, 482, 45 N. E. 659, 661, as follows:

"When real estate is given absolutely to one person with a gift over to another of such portion as may remain undisposed of by the first taker at his death, the gift over is void as repugnant to the absolute property first given; and it is also established law that where an estate is given to a person generally or indefinitely with a power of disposition, it carries a fee, and any limitation over is void for repugnancy."

See also 19 Am. Jur., *Estates,* § 120, p. 575. Many cases so holding are collected in a note in 75 A. L. R. at p. 72. Other Indiana cases, not there cited, are *Stimson* v. *Rountree* (1907), 168 Ind. 169, 78 N. E. 331; *Ewart* v. *Ewart* (1919), 70 Ind. App. 167, 123 N. E. 180; *Kramer* v. *Kramer* (1941), 109 Ind. App. 135, 33 N. E. (2d) 360.

*Baker* v. *Riley* (1861), 16 Ind. 479, principally relied upon by appellant, falls in a different class of cases which are collected in the same note in A. L. R. at p. 88.

The will gave Emma Slater a fee and the attempted gift over to appellant was void.

Judgment affirmed.

NOTE.—Reported in 49 N. E. (2d) 344.