## Ross ET AL. v. Clore ET AL.

[No. 28,403.   Filed January 22, 1948.]

Herman W. Kothe, Grier M. Shotwell, Shubrick T. Kothe, and Owen S. Boling, all of Indianapolis, and Walter W. Spencer, of Crawfordsville, for appellants. Raymond O. Evans, of Crawfordsville, for appellees.

O'MALLEY, J.—This matter was commenced in the Montgomery Circuit Court by a complaint to construe the will of Rebecca Howell, deceased. The complaint requested a construction not only of the will of Rebecca Howell, but also of Ella Snyder, deceased, who was the sister of Rebecca Howell. It was stated in the complaint that Ella Snyder, devisee under the will of Rebecca Howell, died 35 days after Rebecca Howell and that at the time of the death of the latter the said Ella Snyder was seriously ill, and never was able to take over or enjoy the property of her deceased sister which was left to her under the terms of the sister's will. The will is very short and the paragraph that caused uncertainty is designated as item two thereof, and is as follows:

"Item 2. All the rest and residue of my estate, both real and personal, wheresoever situated, of which I die seized, I give, devise and bequeath in

fee simple to my sister, Ella Snyder. In the event my sister Ella Snyder should die previous to my death or she and I die in an accident or otherwise at or about the same time I hereby direct that all my estate shall go to Forrest E. Grimes and Tessie Grimes, his wife, who shall provide a comfortable home and support for my sister, Sarah E. Nichol-. son the remainder of her life, should she survive me."

The sister, Sarah E. Nicholson, predeceased the testatrix.

The words that cause uncertainty in the above item are as follows: "she and I die in an accident or otherwise at or about the same time."

It has been held on numerous occasions that in construing a will, a court will strive to ascertain the intent of the testator or testatrix from an examination of the whole will, or from the four corners thereof. There is no need for rules of construction when a will is not uncertain or ambiguous. Here, the meaning of the terms used is not too clear. It has been stated that where an estate is given in clear language, it cannot be taken away or cut down by any subsequent clause that is not as clear and decisive as the one in which the estate is given. *Bailey* v. *Sanger* (1886), 108 Ind. 264, 9 N. E. 159; Henry's Probate Law & Practice (5th Ed.), § 612, p. 845.

To ascertain what the testatrix intended when she used the words "she and I die in an accident or otherwise at or about the same time" would cause us to enter the field of conjecture and surmise. Did she mean within a space of one minute, one hour, one day, one month or even longer? Did she mean some happening that would affect both in the same way? Construing the above will as contended for by the appellees would necessitate that we change the

rule announced in *Bailey* v. *Sanger, supra.* No authority has been presented that would give support to their contention that the words under consideration can be construed in such manner and to such effect that a court would or could declare that nothing descended or was given to Ella Snyder by the terms of the Howell will. Nor could it be so construed that there would be a defeasance upon the death of Ella Snyder. The clause under construction cannot be given force or effect because any result obtained would be based upon conjecture, and would result in rewriting the will of Rebecca Howell, instead of ascertaining her intent. The first sentence of the item is clear and gives the estate to Ella Snyder. The second sentence is not definite or clear, and under the applicable rules of construction cannot cut down or destroy that which is so clearly given in the prior sentence. We are unable to understand the reason for requesting that the will of Ella Snyder be taken into consideration in arriving at a construction of the instrument that is here involved, nor does it seem to add any force to the complaint to assert that Ella Snyder was ill at the time of the death of Rebecca Howell and that she in fact had been unable to take control of the property given to her under her sister's will. However, the appellants have not questioned the pleadings, and we feel that we may consider such allegations as surplusage.

The decision of the lower court is reversed with instructions to grant the appellants' motion for a new trial, and since the matter presents a question of law, the lower court is directed to enter a finding and judgment in favor of the appellants.

NOTE.—Reported in 76 N. E. (2d) 839.