FRANKLIN COLLEGE *v.* WOLFORD ET AL.

[No. 17,674.   Filed March 24, 1948.   Rehearing denied April 29, 1948.   Transfer denied September 28, 1948.]

*Warner, Clark, & Warner,* all of Muncie, attorneys for appellant.

*Grant, Wiggins, Gizzard, & Smith* and *George W. Henley,* all of Bloomington, *Paul R. Schnaiter,* of Madison, *Sam A. Connelly,* of Milan, and *A. T. Conner,* of Columbus, attorneys for appellees.

HAMILTON, J.—This is an appeal from a judgment rendered in an action instituted by appellee, Leo T. Wolford, executor of the estate of Florence White, deceased, against appellant and the other appellees for a construction of the last will and testament of Lew L. White, the deceased husband of said Florence White. The court rendered a special finding of facts and conclusions of law holding that the last will and testament of Lew L. White, deceased, created and conveyed to his wife, Florence White, a life estate only, and from a judgment rendered accordingly this appeal is prosecuted.

The only question presented for our decision is the proper construction to be given to the language employed by the testator in *Item Second* of the will of Lew L. White, which reads in part as follows:

"Second. After the payment of such funeral expenses and debts, *I give, devise and bequeath to my beloved wife Flo or Florence White all of my estate both real and personal and wherever situated and granting unto her full power to sell mortgage or dispose of any or all of said estate in her discretion upon such terms and in such manner as she may see fit under this discretion I mean to give her full power to sell or dispose of my belongs, Bonds, Stocks, etc.* At her death and after all just debts and funeral expenses be paid and Twenty-Five Hundred Dollars ($2500) for the erecting of a monument to be of good quality and workmanship and putting the lot in good condition, I will and bequeath to the following:" (Here follows spe-

cial bequests to fifteen named beneficiaries.) (Our emphasis.)

It is appellant's theory that, under the language used in the first clause, or sentence, of *Item Second, supra,* Florence White took and held an absolute fee simple title in and to all of the real estate and personal property of her deceased husband, Lew L. White, and at her death the same passed to the legatees and beneficiaries named in her will of which the appellant, Franklin College, was named as the residuary legatee.

Appellees contend, and the trial court held, that *Item Second* of said will of Lew L. White created and conveyed to Florence White, a life estate only, and upon her death all the property owned by said Lew L. White, of which she had made no disposition during her lifetime, amounting to approximately $30,638.60 in stocks and bonds and other securities, passed to the appellees as the specific legatees named in clause two of *Item Second* of Lew L. White's will.

If, under the italicized language in clause one of *Item Second, supra,* Florence White took and held the fee simple title in all property she received from her deceased husband's estate, the judgment of the trial court must be reversed.

It is well settled under the Indiana authorities that the first clause, or sentence, in *Item Second* of Lew L. White's will, when considered separate and apart from the rest of the language contained in said Item of the will, is sufficient within itself to convey and vest in the widow a fee simple title. *Nichols, Exrs.,* v. *Alexander* (1929), 90 Ind. App. 520, 522, 152 N. E. 863; *Van Gorder* v. *Smith* (1885), 99 Ind. 404, 410; *Kramer* v. *Kramer* (1941), 109 Ind. App. 135, 138, 33 N. E. 2d 360; *Cameron* v. *Parrish* (1900), 155 Ind.

329, 335, 57 N. E. 547; *Mulvane* v. *Rude, Executor* (1896), 146 Ind. 476, 482, 45 N. E. 659; *Ross* v. *Ross* (1893), 135 Ind. 367, 371, 35 N. E. 9.

However, appellees contend that, when all of the language contained in *Item Second* is considered and construed as a single item, it is manifest that the testator's intention was to convey and vest in his widow, Florence White, a life estate only by the language used in the first clause of said *Item Second* and that such intention is expressed by words and language contained in the second clause, or sentence, of said *Item Second,* which are as clear, decisive, and certain as those used in the first clause, or sentence, which gave said widow the fee simple estate and that such intention must prevail over any rules of construction.

It is true that in the construction of a will all of its provisions must be considered and the intention of the testator, if clearly manifested from a consideration of all the language contained within the "four corners" of the will, must be given effect, if lawful and not in contravention of some principle or rule of law, and in such cases it is not necessary to resort to rules of construction. *Bailey* v. *Sanger* (1886), 108 Ind. 264, 269, 9 N. E. 159; *Weppler* v. *Hoffine* (1941), 218 Ind. 31, 37, 30 N. E. 2d 549.

However, we are unable to agree with appellees' contention. To us the language contained in *Item Second* as read and considered in its own light and in the light of the entire will does not disclose clearly and distinctly the intention of the testator, but on the contrary leaves in our minds a doubt as to whether it was his intention to give his widow a fee simple estate or a life estate only.

Therefore, it necessarily follows that said *Item Second* must be considered and construed in the light of

certain definite and firmly-established rules of construction applicable in will cases. Among such rules of construction applicable in the instant case are the following:

First. That a firmly-settled rule of construction in will cases which has been long and consistently followed by the courts is deemed a rule of property. *Alsman* v. *Walters* (1916), 184 Ind. 565, 582, 106 N. E. 879, 111 N. E. 921; *Rocker* v. *Metzger* (1908), 171 Ind. 364, 369, 86 N. E. 403; *McCllen* v. *Sehker* (1919), 70 Ind. App. 435, 439, 123 N. E. 475.

Second. It must be presumed, in the absence of language in the will repelling the inference, that in making his will the testator acted in the light of the settled meaning which the law has attached to his words under the rules of construction. *Taylor* v. *Stephens* (1905), 165 Ind. 200, 204, 74 N. E. 980; *Aneshaensel* v. *Twyman* (1908), 42 Ind. App. 354, 356, 85 N. E. 788.

Third. Whenever a will purports to dispose of real estate and personal property in the same words and in the same connection and it is manifest that the testator intended both to go together, the will must be so construed and the same rules of construction apply. *Mulvane* v. *Rude, Executor, supra; Heilman* v. *Heilman* (1891), 129 Ind. 59, 63, 28 N. E. 310; *Ross* v. *Ross, supra; Duncan* v. *Wallace* (1888), 114 Ind. 169, 175, 16 N. E. 137.

Fourth. It is thoroughly settled that a devise in fee clearly and distinctly made, or necessarily implied, cannot be cut down or modified by subsequent words, language, and provisions in the will not as clearly, decisively, and distinctly manifesting the testator's intention to cut down and limit such de-

vise as were used in conveying the fee simple estate and any attempt to make a bequest or devise over after the death of the first taker is void. *Mulvane* v. *Rude, Executor, supra; Mitchell* v. *Mitchell* (1895), 143 Ind. 113, 42 N. E. 465; *Slater* v. *Akron Exchange State Bank* (1943), 221 Ind. 497, 498, 49 N. E. 2d 344; *Cameron* v. *Parrish, supra; Logan* v. *Sills* (1902), 28 Ind. App. 170, 173, 62 N. E. 459; *Kramer* v. *Kramer, supra; Ewart* v. *Ewart* (1919), 70 Ind. App. 167, 171, 123 N. E. 180; *Vaubel* v. *Lang* (1923), 81 Ind. App. 96, 106, 140 N. E. 69; *Martin* v. *Raff* (1944), 114 Ind. App. 507, 521, 52 N. E. 2d 839; *Ross* v. *Clore* (1948), 225 Ind. 597, 76 N. E. 2d 839, 840; *Bailey* v. *Sanger, supra.*

Considering *Item Second* of Lew L. White's will in the light of the foregoing thoroughly-settled principles and rules of law, we are of the opinion that by language and words used in the first clause of said *Item Second* said testator conveyed in clear, certain, distinct, and decisive terms a fee simple estate to his widow, Florence White; and, while the language and provisions contained in the second clause of said *Item Second* may be sufficient to create or raise a doubt as to his intentions as to the extent of the estate so conveyed to his widow, the words and language used are not as clear, distinct, and decisive in any such attempt to cut down or limit the estate conveyed to the widow as were the words and language used in the first clause giving to such widow a fee simple estate.

Therefore, we hold that, under *Item Second* of Lew L. White's will, his widow, Florence White, received and held a fee simple estate; that the specific bequests over to the appellees, after the death of the widow, were, and are, void; and that the trial court erred in

its conclusions of law and in overruling appellant's motion for a new trial.

Finally, appellees make the contention that, after the death of Lew L. White, his widow by her conduct created a trust in favor of all of the specific legatees named in the second clause of said *Item Second*. This was an action to construe the will of Lew L. White, and the question as to a trust having been created, or impressed upon his estate by the acts and conduct of his widow after her husband's death, was not presented to the trial court by the issues joined, and for this reason we do not consider it necessary to discuss such question in this opinion.

Judgment reversed with directions to sustain appellant's motion for a new trial and for further proceedings not inconsistent with the views expressed in this opinion.

BOWEN, P. J., not participating.

NOTE.—Reported in 78 N. E. 2d 35.