GAMESTER *v.* MASSEY, ADMINISTRATOR ETC. ET AL.

[No. 19,005. Filed May 25, 1959.]

*Alva Cox,* of Muncie, for appellant.

*Corbett McClellan,* of Muncie, for appellee Frank C. Massey.

*Dennis & Cross* and *Ralph E. Dennis,* of Muncie, for appellee Mabel F. Gamester.

COOPER, C. J.—This is an appeal from an adjudication of the Delaware Circuit Court in a probate matter concerning the construction of a will.

A concise statement of the record before us reveals that on the 3rd day of February, 1954, the decedent solely executed his Last Will and Testament, which is the will in question. The decedent died on August 15, 1955, leaving an estate consisting only of personal property. The appellee's widow, Mabel Gamester, is the surviving widow of the decedent and the person referred to in the will as the "survivor".

It appears from the record that objections were filed to the probate of the will on August 19, 1955; on August 22, 1955, a petition to probate the will and for the issuance of Letters was filed. Pursuant to

§7-116, Burns' 1953 Replacement, the will was impounded and the matter continued for thirty (30) days. No formal complaint to resist the probate of said will was filed within the time, and, on the 23rd day of September, 1955, the will was duly probated and found to have been "duly executed in all respects, according to law . . . ."

The appellee herein, Mabel Gamester, being named the executrix, renounced her right to serve, and the appellee, Frank C. Massey, was duly appointed as Administrator with the Will annexed. The administration of said estate continued until the petition to construe said will was filed on July 20, 1956. The petition, omitting the caption, reads as follows:

"1. That on or about the 23rd day of September, 1955, the Court admitted to probate a will signed by the decedent.

"2. That said Administrator now proposes to close said estate but that he wishes the Court to construe said will and determine for the said Administrator the heirship so that proper distribution can be made.

"3. The heirs at law of the decedent are Mabel F. Gamester, widow, 735 North Elm Street, Muncie, Indiana; George W. Gamester, son, 1190 Valley Road, Lambard, Illinois; Charles H. Gamester, son, 742 Harper Street, Pontiac, Michigan; Mildred B. Hall, daughter, 142 Waterford Street, Pontiac, Michigan; and Mary G. Maze, daughter, 3201 Orchard Avenue, Muncie, Indiana.

"WHEREFORE, your Administrator prays the honorable court to construe said will and determination of heirship."

After submission and argument on January 18, 1957, the court made the following adjudication:

"Come the parties, the Administrator with the will annexed, in person, the surviving widow by

counsel and George W. Gamester by counsel. The Court being duly advised now finds that there is no ambiguity in said will and rule against petitioner to construe and that the surviving widow takes all personal property absolutely."

Thereafter, this appeal followed, and the appellant's assigned errors are:

"1. The Court erred in its conclusion of law in finding that the surviving widow takes all the personal property absolutely herein.

"2. The Court erred in its conclusion of law in finding there is no ambiguity in the will herein.

"3. The Court erred in overruling the petition filed for construction of the will herein.

Due to the fact that the decedent left only personal property, the only part of the will material to our inquiry here is Item IV, which reads as follows:

"All personal property of the parties shall go to the survivor absolutely, and upon the death of the survivor that portion of personal property still held by the survivor shall be distributed in equal shares to George W. Gamester, Charles H. Gamester, Mildred B. Hall, Mary G. Maze, and their descendants per stirpes, in fee."

It is the appellant's first contention that in construing Item IV that "the devise to the widow of the personal property absolutely was intended by the testator" and with this we agree; however, we cannot agree with the appellant that the latter part of the sentence in said Item IV is a "clause" within the meaning of the cases cited by the appellant upon this proposition. The cases cited hold that a later or last provision of a will controls a prior provision which is totally inconsistent.

In the cause before us, the personal property was given to the widow "absolutely". The word "absolutely" is defined as follows: "Completely, wholly; without qualifications; without reference or relation to, or dependence upon, any other person, thing, or event." Black's Law Dictionary, Fourth Edition, p. 23. See, also, West's "Words and Phrases", Vol. I, pp. 53, 54, (1959) Pocket Part. "A devise of property to have 'absolutely' means without condition, exception, restriction, qualification or limitation." *In re Estate of Darr* (1925), 114 Neb. 116, 206 N. W. 2, 3; *In re Reynold's Estate* (1920), 94 Vt. 149, 109 Atl. 60, 63. Thus, it is apparent that the word "absolutely" as used by the testator did not create an estate, but characterized the quality of the estate given to the widow.

Relating to the latter part of the sentence of Item IV, our Supreme Court has held a will which gave the testator's property to his widow as her *"absolute"* property and which provided that if there was any property left at her death it should pass to and vest in the testator's son, such devise gave to the widow a fee and the attempted gift over to the son was void as repugnant to the "absolute" property first given. *Slater* v. *Akron Exchange State Bank* (1943), 221 Ind. 497, 49 N. E. 2d 344; *Mulvane* v. *Rude, Executor* (1896), 146 Ind. 476, 482, 45 N. E. 659, 661; *Kramer* v. *Kramer* (1941), 109 Ind. App. 135, 33 N. E. 2d 360; *Ewart* v. *Ewart* (1919), 70 Ind. App. 167, 123 N. E. 180; *Stimson* v. *Rountree* (1906), 168 Ind. 169, 78 N. E. 331; *Fullenwider, Administrator* v. *Watson* (1887), 113 Ind. 18, 14 N. E. 571.

What we have stated heretofore answers appellant's contention as to any ambiguity claimed. As to

the appellant's third contention that the court ■ erred in overruling the petition for the construction of the will in question, it is elementary that if the trial court had not considered and adjudicated the petition filed by the Administrator with the Will Annexed to construe the will, the court would not have made and entered the order appealed from. It is apparent from the Order, or adjudication, that his construction of the will left no further question or direction for future determination by the court as to the court's interpretation of the decedent's will. *Greathouse* v. *McKinney* (1942), 220 Ind. 462, 44 N. E. 2d 344; *Zumpfe* v. *Piccadilly Realty Co.* (1938), 214 Ind. 282, 13 N. E. 2d 715, 15 N. E. 2d 362; *Home Electric Light and Power Co.* v. *Globe Tissue Paper Co.* (1896), 145 Ind. 174, 44 N. E. 191; §2-3201, Burns' 1946 Replacement.

The court's order and finding leaves much to be desired; however, it is clear that the court did construe the will when it found there was no ambiguity.

The adjudication of the court below is affirmed.

NOTE.—Reported in 158 N. E. 2d 805.