IN THE

# APPELLATE COURT

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY AND NOVEMBER TERMS, 1922, IN
THE ONE HUNDRED SEVENTH AND EIGHTH
YEAR OF THE STATE.

---

### MILLER *v.* SMITH ET AL.

[No. 10,940. Filed October 25, 1921. Rehearing denied January
11, 1922. Transfer denied November 17, 1922.]

1. WILLS.—*Testator Bequeathing Property of Beneficiary.—Acceptance of Bequest by Beneficiary.—Estoppel.*—Where a testator by his will assumes to dispose of the property of another person who is made a beneficiary under the will, and such person voluntarily accepts a bequest or devise under the will, the acceptance is a confirmation of the terms of the will and operates to estop such person to·object to the disposition of his own property. p. 3.

2. WILLS.—*Testator Assuming to Dispose of Widow's Property.—Election by Widow to Take Under Will.—Estoppel.*—Before a widow by her election to take under the will of her husband can be held to have bound herself to permit her own property to pass under the operation of her husband's will, it must be made clear by the will beyond a reasonable doubt that the husband intentionally assumed to dispose of her property. p. 4.

3. WILLS.—*Construction.—Intent of Husband to Devise Wife's Land.*—A will which, after disposing of testator's personal property, devises to testator's wife for life, with remainder to his children, "all of my real estate that I may have at my death," *held* not to make it clear beyond a reasonable doubt that testator by his will intended to dispose of real estate the title to which at his death was in himself and wife as tenants by entireties, by reason of deeds of his land executed subsequent to the making of the will, by him and his wife to a

third person, and a deed thereof immediately thereafter from such grantee to him and his wife, so that by electing to take under the will she is not estopped to assert that the real estate did not pass thereunder, so as to give the children a life estate therein.  p. 4.

From Huntington Circuit Court; *George M. Eberhart,* Judge.

Action by Mary A. Miller against Lura M. Smith and others.  From a judgment for defendants, the plaintiff appeals.  *Reversed.*

*Samuel E. Cook* and *Otto H. Krieg,* for appellant.

*Fred H. Bowers, Milo N. Feightner* and *Lee M. Bowers,* for appellees.

REMY, J.—On January 31, 1907, Michael Miller, being possessed of certain personal property, and the owner in fee simple of the real estate here in controversy, executed his last will.  By item 1 of his will Michael Miller directed that his debts should first be paid "from any money or personal property" he should own at the time of his death; and by item 2 the remaining portion of his personal estate he bequeathed to his wife, Mary A. Miller, who is the appellant herein.  Item 3 of the will is as follows: "I hereby will, devise and bequeath all my real estate that I may have at the time of my death to the said Mary A. Miller to have and to hold for and during her natural life."  By item 4 it was provided that after the death of his wife the real estate devised to her by item 3 should go to the testator's children.  In item 4 appellant was named as executrix.  On April 9, 1908, for the purpose of changing the title of said real estate from himself to himself and wife as tenants by entireties, Michael Miller, his wife joining in the deed, conveyed the real estate to John and E. S. Miller, who on the same day reconveyed it to Michael Miller and wife.  On August 21, 1909, Michael Miller died; and thereafter, the will having been probated, appellant

qualified as executrix, and administered the estate. Out of the personal property the debts of the estate were paid, and the remainder of the personalty was delivered to appellant in accordance with the terms of the will.

Sometime after the estate was settled, this suit was commenced by appellant against appellees, the children of Michael Miller, asking that her title to the real estate be quieted. There was an answer in denial; and some of appellees filed a cross-complaint asserting that they were the owners of the fee of the real estate. The cause was submitted to a jury, and when appellant had offered her evidence and rested, the court on motion of appellees directed the jury to return a verdict for appellees, to the effect that they were the owners of the real estate in question, in remainder, subject to a life estate of appellant. There was judgment accordingly.

The only error properly assigned is the action of the court in overruling the motion for a new trial; and the only reason for a new trial is the alleged error of the trial court in directing the verdict.

The facts pleaded, and which were shown by the evidence at the trial, are not in dispute, and are in substance as hereinabove set out.

Appellant asserts title to the fee simple of the real estate involved in this suit by virtue of the deeds of April 9, 1908, by which the title was conveyed to

1. her and her husband as tenants by entireties.

On the other hand, appellees claim title under the will of their father. It is the claim of appellees, and the trial court by its action in directing the verdict held, that by his will Michael Miller intended to, and did, devise the real estate in controversy, though at the time of his death it was owned by himself and wife as tenants by entireties, and that, since appellant voluntarily elected to take under the provisions of the will, she thereby confirmed and ratified the will as a whole, and

is equitably estopped from asserting the title that the deeds executed after the will would have given her. It is a well established rule that if a testator by his will assumes to dispose of the property of another person who is also made a beneficiary under the will, and such person voluntarily accepts a bequest or devise under the will, such acceptance is a confirmation of the terms of the will, and operates to estop such person to object to the disposition of his own property. *Moore, Exr.,* v. *Baker* (1892), 4 Ind. App. 115, 30 N. E. 629, 51 Am. St. 203; *Hartwig, Admr.,* v. *Schiefer* (1897), 147 Ind. 64, 46 N. E. 75; *Young* v. *Biehl* (1906), 166 Ind. 357, 77 N. E. 406. This rule rests on the doctrine of election that one who claims property under the terms of a will must acknowledge the equitable rights of others under the same instrument. *Cameron* v. *Parish* (1900), 155 Ind. 329, 57 N. E. 547. It has also been held

2. by the Supreme Court of this state, and is the law, that before a widow by her election to take under the will of her husband can be held to have bound herself to permit her own property to pass under the operation of her husband's will, it must be made clear by the will beyond a reasonable doubt that the husband intentionally assumed to dispose of her property. *Young* v. *Biehl, supra; Cameron* v. *Parish, supra.* It follows that if from the will of Michael Miller it is clear beyond a reasonable doubt that the husband intentionally assumed to dispose of all the real estate which at the time of his death might be held by himself and wife as tenants by entireties, then the judgment must be affirmed; otherwise the contention of appellant must prevail.

It will be observed that the particular real estate here in controversy is not described in the will, nor

3. was the real estate at the time of the execution of the will owned by the testator and his wife as ten-

ants by entireties. The testator in the clause of his will which disposes of real estate says: "I hereby will, devise and bequeath all of my real estate that I may have at the time of my death," etc.; and the title to the real estate passed to the testator and his wife as tenants by entireties after the execution of the will. Under these circumstances, we can not say that the provisions of the will make it clear beyond a reasonable doubt that the testator by his will intended to dispose of real estate the title to which at the time of his death was in himself and wife as tenants by entireties. On the contrary, it seems clear that by conveyance of his real estate through trustees to himself and wife as tenants by entireties, the testator intended to remove, and we hold that such conveyance did remove, the real estate from the operation of his will. See *Hattersley* v. *Bissett* (1893), 51 N. J. Eq. 597, 29 Atl. 187, 40 Am. St. 532.

The trial court erred in directing a verdict for appellees, and the cause is reversed, with instructions to grant a new trial.