## HOFF *v.* HOFFMAN ET AL.

[No. 14,699.   Filed October 18, 1934.]

*Kops & Noelker* and *Michael F. Bohland,* for appellant.

*Estal G. Bielby* and *George Mullens,* for appellees.

SMITH, P. J.—This is an appeal from a judgment rendered upon the sustaining of a demurrer to appellant's complaint, wherein she refused to plead further.

The paragraph of complaint under consideration is denominated as "second amended second paragraph" of complaint, but for brevity it will be referred to hereafter as the complaint, this being the only paragraph in the case for consideration.

The complaint alleges in substance that appellant is the child of one Gregor Matt, who died in 1915, but does not allege the date; that the last will of Gregor Matt was duly admitted to probate in the proper court on the

31st day of October, 1921; that said will provided for the payment of debts, and then provided as follows:

> "2nd. I give, devise and bequeath all the real estate of which I may be possessed at the time of my death to my wife, Mary Matt, for her use during her life and at the death of my said wife all the real estate is to go to my daughter Cecelia Hoff, (wife of Joseph Hoff)."

The complaint further alleges that Gregor Matt died the owner in fee simple of certain real estate described therein, and referred to as "eight acres"; that, at the time of the death of Gregor Matt, the testator and his wife, Mary Matt, were the owners as tenants by entireties of certain real estate described therein, and known as forty acres, and fifteen acres, respectively; that the title to the forty acres was obtained in 1890, and to the fifteen acres in 1902, and that the titles to both tracts of land were taken in the names of Gregor Matt and Mary Matt, as tenants by entireties, which titles remained in that situation until the death of said Gregor Matt.

The complaint further alleges that, after the death of said Gregor Matt, all of his indebtedness was paid out of his personal property; and that his wife, Mary Matt, accepted all the benefits of her husband's will, and made no election to take under the law, but did take under the terms and conditions of said will; that said Mary Matt took possession of all the personal property amounting to the sum of $2,500, and sold the same, and kept the proceeds thereof; that on January 28, 1930, said Mary Matt, now known as Mary Miller, attempted to convey by warranty deed the fee simple title to the forty and fifteen acre tracts of land to the appellees herein; that said deed was executed, and delivered to appellees, and duly recorded in the proper records; that appellees are now in possession of said real estate, claiming the ownership thereof, which ownership is adverse to the remainder interest of appellant and is without

right and is a cloud upon her title. Then follows a prayer asking that the claim of title of appellees be declared void, and that title of appellant to the remainder of the real estate be quieted.

To this complaint appellees filed their demurrer with memoranda which sets forth in substance the following: (1) The complaint does not allege ownership of the real estate in question in Gregor Matt, hence he had no right to dispose of the same by will; (2) the will does not dispose of, or attempt to dispose of, any of the real estate except the eight acres, owned by testator individually, and not the real estate owned by testator and his wife by entireties; (3) there is no provision in the will showing that the life interest given to the wife was to be in lieu of her interest in the real estate that was owned by her and the testator by entireties, and the widow Mary Matt taking under the will, and not having elected to take under the law, could not have deprived her of her interest in the real estate held by entireties; (5) the complaint shows that the fee simple title to the real estate in question was vested in Mary Matt upon the death of the testator, and that by her deed title thereto was conveyed to appellees.

This demurrer was sustained, to which appellant duly excepted, and, upon her refusal to plead further, judgment was rendered against her from which she appealed to this court. The only error assigned for reversal is the action of the lower court in sustaining this demurrer.

The will devises to the widow, Mary Matt, a life estate in all the real estate "of which I may be possessed at the time of my death," with remainder to appellant. The will also bequeathed, "all my personal property to my wife, Mary Matt," and requested that she bequeath the same at her death to appellant. The above is the substance of so much of the will as is pertinent to the

question raised in this appeal, which is, Did Gregor Matt by his will intend to devise the real estate he and his wife owned as tenants by entireties to his wife for life, with remainder over to appellant; and did the widow, Mary Matt, by her acceptance of the terms of the will take only a life estate in said real estate? The answer to this question determines this appeal.

First, did Gregor Matt intend to devise the property owned by himself and wife by entireties? We think not. No mention of this real estate is made in the will whatever. Appellee contends that the language "all the real estate of which I may be possessed at the time of my death." includes the real estate held by testator and his wife Mary Matt by entireties. This contention is not supported by reason or authority.

Our Supreme Court in the case of *Young* v. *Biehl et al.* (1906), 166 Ind. 357, 359, 77 N. E. 406, said:

"It must be made clear by the will *beyond all reasonable doubt* that the husband intentionally assumed to dispose of his wife's real estate before she can be held, by her election to take under such will, to have bound herself to permit such property to pass under its operations. In this regard there is no room to doubt the intention of the testator, since his will makes unqualified and complete disposition of the title to the land by accurate and specific description." (Our italics.)

No attempt is made by the will in the instant case to describe the real estate held by entireties or even refer to it. The will can only refer to the real estate owned by the testator, which has been referred to as the eight acres, and is described in the complaint.

Having disposed of this part of the question, it can make no difference whether the widow, Mary Matt, by taking under the will, waived her right to take under the law or not. The real estate in question, being held as tenants by entireties, became

the absolute property of Mary Matt, the widow, by operation of law, upon the death of her husband, and title thereto did not pass by operation of the will.

Our own court has passed upon a similar question in the case of *Miller* v. *Smith et al.* (1921), 79 Ind. App. 1, 132 N. E. 607. Without quoting therefrom, we refer to same as authority for our holding herein. The only difference between the Miller case, *supra*, and the instant case is that in the Miller case the estate by entireties was created after the making of the will, while in the instant case the real estate in question was held by entireties, and such estate created long before the making of the will. This can make no difference in the result, as it must be the same in either event.

We have examined all the authorities cited, as well as some others, and all of them support the conclusion we have reached.

We do not deem it necessary to quote further from them, or cite the same, as the law is well settled in this state, and supports the conclusion we have reached. The demurrer was properly sustained.

Judgment affirmed.