**FOYES v GROSSMAN et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5223. Decided April 12, 1937

William P. Hohmann, Cincinnati, for appellee.

Thomas Stueve, Cincinnati, for appellant.

**OPINION**

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton County.

The petition in the instant case alleges that Henry Krohn died leaving a will containing the following items:

"Item V. I hereby devise all the rest and residue of my estate, both real and personal, to my wife Carrie Krohn, for and during her natural life, with full power to hold and manage the same, and to collect the income therefrom, for her sole and absolute use and benefit, without any condition or restrictions.

"Item VI. I hereby give and devise my real estate, to-wit: Nos. 3036-3038 Eden Avenue, fronting 53 feet on the east side of said Eden Avenue, and the premises known as 205 Melish Avenue, fronting 25 feet on the south side of said Melish Avenue, to Olivia Minerva Foyes, subject, however, to the life estate to my wife as devised in Item V herein."

The property mentioned in the will as No. 205 Melish Avenue was the individual separate property of testator's widow, Carrie Krohn. He willed this property to the appellant, one of the defendants.

The executor of the will of Carrie Krohn made application to the Probate Court for an order transferring said property to the appellant. The appellee filed the instant suit against the appellant, and the executor claiming said property and prayed for an instruction restraining any interference by the appellant and said executor with the ownership by appellee.

Carrie Krohn elected to take under the will of her husband.

A demurrer was filed to the petition on the ground that it did not state a cause of action. The Court of Common Pleas overruled the demurrer to the petition. A final entry was entered upon the overruling of the demurrer. The question of the correctness of the court's ruling upon the demurrer is therefore here presented.

The proposition presented to us is, whether if a testator has effected to dispose of property which is not his own and has given a benefit to a person to whom that property belongs, the person accepting the benefits so given to him, must make good the testator's attempted disposition.

We are compelled to agree with the conclusion of the trial court, which is supported by Owsley v Price et, 4 C.C. (n.s.) 273; Collett v Cook et, 3 C.C. 119; 41 O. Jur. 902, et seq; Hibbs v Ins. Co., 40 Oh St 543.

In the case of Owsley v Price, the court stated in the opinion:

"If the provisions in question, taken in connection with the whole will, will reasonably admit a construction not involving a disposition of such property, that construction must prevail. In order to create the necessity for an election, there must appear on the face of the will itself a clear, unmistakable intention on the part of the testator to dispose of property, which is in fact not his own. The language must

be so clear as to leave no doubt as to the testator's design, as in the Hibbs case where the testator gave to the wife in unequivocal words the whole farm, 'the farm on which we now reside,' and which was at his death to go to the grandson. The necessity for an election can not arise from an uncertain or dubious interpretation of the will."

In the instant case, while there are no specific words making the benefits conferred on the wife by the will dependent definitely upon her relinquishing her proper interest in the property owned by her, at the same time a specific, direct gift of property owned by the wife, over which the testator had no control, is so entirely inconsistent with any other idea but that he intended such relinquishment on the part of the wife, that we are impelled to the conclusion that it was the unequivocal intention of the testator to require the release of the wife's interest in her own property as a condition to her reception of benefits under the dispository clause in the will in her behalf.

The only other construction that might afford an explanation would be that the testator was laboring under the misapprehension that he owned the premises in question. This requires a supposition stranger than is warranted by the facts presented to us.

The judgment is affirmed.

HAMILTON and MATTHEWS, JJ, concur.