JOHNSON, ET AL. *v.* HICKS, EXECUTRIX, ETC.

[No. 28,710. Filed October 14, 1952. Rehearing denied November 25, 1952.]

*C. L. Howard*, of Gary, for appellants.

*Anderson, Hicks and Anderson*, of Gary, for appellees.

EMMERT, J.—This appeal comes to this court by way of transfer from the Appellate Court under §4-209, Burns' 1946 Replacement, for failure of four judges of said court to concur. Zebedee Dallas Hicks died a resident of Lake County, Indiana, on February 20, 1947, leaving surviving him his widow, Georgia Ann Hicks, but no children or descendents of deceased children. The widow, not being advised of any will, qualified as administratrix. A will executed by the decedent was

in the possession of his brother-in-law, who delivered it to the administratrix, and she, on advice of counsel, presented the will for probate, and the same was probated on the 7th day of March, 1947. The testator, by Item II of his will, gave all of his property, real, personal and mixed, to his wife Georgia A. Hicks for life "with such exceptions to follow." Item VI of the will was as follows:

> "I also bequeath and devise to my wife to have and to hold and receive all income from the following described property during her natural life, located at 6722 Champlain Avenue, Cook County, Chicago, Illinois, and such income that may be devised from the property inherited from my parents, located at Wedowee, Alabama, during her natural life."

The controversy here arises out of the proper construction of Item VII which is as follows:

> "As to our home place, known as 2456 Jefferson Street, Lake County, Gary, Indiana, which is by en*itrity*, in both of our names, to keep and to hold for her benefit and use, during her natural life and thereafter, or hereby dispose of the same as other property after her death, and which can be done as to this part, as in the case of Young v. Biehl, et al., 78 N. E. 406, 144 Ind. 1 [166 Ind. 357, 77 N. E. 406]."

There were fifteen items in the will, but as we construe other items not copied herein, there is nothing in them which affects the construction to be given Item VII. The real estate devised by Item VII was held by the testator and Georgia Ann Hicks as tenants by the entirety under a warranty deed executed to them the 13th day of October, 1931.

The executrix filed a complaint to construe the will making herself individually and other beneficiaries

adverse parties. The widow, individually, filed an answer which asserted in substance that Item VII did not affect her title as surviving tenant by the entirety, and she filed also a cross-complaint to quiet title in her. Other beneficiaries of the will by their pleadings asserted she was bound by the doctrine of equitable election, and that she only had a life estate in the home residence. The trial court filed a special finding of facts and conclusions of law. Special finding No. 4 stated, "The Court further finds that the petitioner has performed no act or omitted to do any act which would divest her title in the real estate in question," and concluded that Georgia Ann Hicks was the owner in fee simple of said real estate and that her title thereto should be quieted. The error assigned here is the overruling of appellants' motion for a new trial.

The widow filed no statutory election to take under the law as provided by §6-2332, Burns' 1933, and §6-2334, Burns' 1933 (Supplement).[1]

---

[1] "Whenever any personal or real property be bequeathed to any wife, or a pecuniary or other provision be made for her in the will of her late husband, such wife shall take under such will of her late husband, and she shall receive nothing from her husband's estate by reason of any law of descent of the state of Indiana, unless otherwise expressly provided in said will, unless she shall make her election to retain the rights in her husband's estate given to her under the laws of the state of Indiana, which election shall be made in the manner hereinafter provided." Section 6-2332, Burns' 1933.

"Any surviving husband or wife, desiring to renounce the provisions made for him or her in any such will, shall file his or her election in writing, duly signed and acknowledged before some officer authorized to take acknowledgments of deeds, and such election shall be made and filed within six [6] months after such will has been admitted to probate in this state. . . . In such election such husband or wife shall state that he or she renounces the provisions made for him or her in such will and that he or she elects to take the interest in such estate that is given to him or her under the laws of descent of the state of Indiana. After

The common law rule that a general devise of real estate without designating the interest to be taken by the devisee transferred only a life estate was changed by the enactment of §7-704, Burns' 1933, where the gift denoted the testator's intention to devise his entire interest.[2] *Quilliam et al.* v. *Union Trust Co. et al.* (1924), 194 Ind. 521, 142 N. E. 214; *Burrell* v. *Jean* (1925), 196 Ind. 187, 146 N. E. 754. However, by Ch. 175 of the 1929 Acts the common law rule was again changed as to wills by §1 thereof which provided as follows: "In every disposition by will of real estate situate in Indiana, the intention of the testator as gathered from the will as respects the quality of the estate intended to be devised shall control, but, unless, from the will, a different intent of the testator is disclosed, the devisee shall take the fee-simple title in the land devised." Section 7-705, Burns' 1933.[3] As we construe this section, it completely abolished the common law rule, and a general devise without more passes a fee simple title to real estate in Indiana, subject to having the fee simple interest reduced by other language in the instrument clearly showing an intention to reduce the interest given.[4]

making such election, such husband or wife shall receive none of the provisions made for him or her in such will." Section 6-2334, Burns' 1933 (Supplement).

[2] "Every devise in terms denoting the testator's intention to devise his entire interest in all his real or personal property shall be construed to pass all of the estate in such property, including estates for the life of another, which he was entitled to devise at his death". . . . 2 R. S. 1852, ch. 11, §2, p. 308. *Burrell* v. *Jean* (1925), 196 Ind. 187, 197, 146 N. E. 754.

[3] Section 2 of the Act excluded from its operation any will of a person that died before the effective date of the Act.

[4] The common law rule as to the conveyance of a fee by deed in Indiana was changed by §14 of Ch. 23 of the 1852 Acts. Section 56-105, Burns' 1951 Replacement. [1 R. S. 1852, Ch. 23, Sec. 14, p. 232.]

In *Ragsdale* v. *Robinson* (1942), 219 Ind. 335, 38 N. E. 2d 570, this court decided that a will which did not clearly attempt to devise real estate held by the testator and his wife as tenants by the entireties would not be construed to affect such real estate so that the doctrine of equitable election could be invoked under the rule in *Young* v. *Biehl* (1906), 166 Ind. 357, 77 N. E. 406; *Moore, Exr.* v. *Baker* (1892), 4 Ind. App. 115, 30 N. E. 629, 51 Amer. St. Rep. 203; see also 156 A. L. R. 820; *Miller* v. *Smith* (1929), 79 Ind. App. 1, 132 N. E. 607; *Hartwig, Admr.* v. *Schiefer* (1897), 147 Ind. 64, 46 N. E. 75; *Cameron* v. *Parish* (1900), 155 Ind. 329, 57 N. E. 547. In construing the will in the Ragsdale case, *supra,* this court cited with approval the rule of construction stated in 2 Pomeroy, Equity Jurisprudence (5th Ed.) §472, p. 339, as follows: "The first and fundamental rule, of which all the others are little more than corollaries, is: In order to create the necessity for an election, there must appear upon the face of the will itself, or of the other instrument or donation, a clear, unmistakable intention, on the part of the testator or other donor, to dispose of property which is in fact not his own."[5] The intention of the testator to dispose of property not his own "must be made clearly to appear beyond a reasonable doubt from the will itself." *Cameron* v. *Parish* (1900), 155 Ind. 329, 338, 57 N. E. 547, *supra.*

[5] The following authorities are in accord: 4 Page, Law of Wills (3rd Ed.) §1358, p. 28; *Wilkison* v. *Wilkison* (1930), 130 Kan. 424, 286 Pac. 252; *Hood* v. *Nichol* (1930), 236 Ky. 779, 34 S. W. 2d 429; *Commercial Nat'l. Bk. of Charlotte* v. *Misenheimer* (1937), 211 N. Car. 519, 110 A. L. R. 1310, 191 S. E. 14; *Foyes* v. *Grossman* (1937), 56 Ohio App. 375, 10 N. E. 2d 930; *Tacoma Savings & Loan Assn.* v. *Nadham* (1942), 14 Wash. 2d 576, 128 P. 2d 982.

If the testator had been the sole owner of the fee simple title to the home place, the gift thereof to his wife "to keep and to hold for her benefit and use during her natural life and thereafter, or hereby dispose of the same as other property after her death," clearly would have conveyed the fee simple title under §7-705, Burns' 1933. Where an interest in real estate is given in clear and decisive terms, such interest will not be cut down by subsequent provisions that are not as clear and decisive as the prior words giving the interest or estate. *Bailey* v. *Sanger* (1886), 108 Ind. 264, 268, 9 N. E. 159; *Ross* v. *Clore* (1948), 225 Ind. 597, 599, 76 N. E. 2d 839; *Martin* v. *Raff* (1944), 114 Ind. App. 507, 52 N. E. 2d 839. The last clause of Item VII stating, "and which can be done as to this part, as in the case of Young v. Biehl, et al., 78 N. E. 406, 144 Ind. 1," may have meant something to the testator, but we know of no rule of construction which would require us to hold that such attempted limitation reduced a prior gift in fee to a life estate.

Therefore under the issues in this appeal the doctrine of election can have no effect on the widow's interest in the home place in Gary. Item VII only gave her the interest she already had as surviving tenant by the entirety. There is no inconsistency between the estate she took as purchaser under the warranty deed and the conveyance of the estate by the devise in Item VII.[6] Since Item VII did nothing to change the title already vested in the widow as surviv-

---

[6] Where real estate is held by husband and wife as tenants by the entireties, the surviving spouse takes as purchaser by virtue of the original grant or devise. *Kilgore* v. *Templer* (1919), 188 Ind. 675, 125 N. E. 457; *Maitlen* v. *Barley* (1910), 174 Ind. 620, 92 N. E. 738; *Sharpe* v. *Baker* (1912), 51 Ind. App. 547, 96 N E. 627, 99 N. E. 44; 30 C. J. 571.

ing tenant by the entirety under the deed, the widow had title as purchaser under the deed, and there was no necessity for her making any election to take under the law to prevent the will from affecting her title to this real estate.

It is not necessary to discuss other errors attempted to be raised by the motion for new trial. The motion for new trial was properly overruled.

Judgment affirmed.

NOTE.—Reported in 108 N. E. 2d 129.