### Collins v. Collins
*[Cite as 8 AOA 211]*

*Case No. 90-22*
*Muskingum County, (5th)*
*Decided December 5, 1990*

*Richard A. Baker, DeSelm, DeSelm & Baker, 819 Steubenville Avenue, Cambridge, Ohio 43725, for Appellant, Wanda Minick.*

*Brent Stubbins, Coffman, Lewis, Stubbins, Graham & Co., L.P.A., P.O. Box 1110, Zanesville, Ohio 43702-1110, for Appellee, Donald Minick.*

*J. Robert Beam and Miles Fries, 320 Main Street, P.O. Box 190, Zanesville, Ohio 43701, for Appellee, Bonnie Collins.*

*Joseph Gromley, 1105 Maple Avenue, Zanesville, Ohio 43701, for Appellee, Bonnie Collins, Individually.*

MILLIGAN, J.

The Muskingum County Probate Court issued a declaratory judgment declaring that under her father's will, appellant Wanda Minick received a life estate in an undivided one-half interest in a home located on her parents' farm. She appeals:

*"ASSIGNMENT OF ERROR*
"THE PROBATE COURT ERRED IN RULING THAT THE APPELLANT WAS NOT ENTITLED TO A WHOLE LIFE ESTATE IN THE HOME OR, ALTERNATIVELY, THAT DONALD MINICK WAS NOT REQUIRED TO ELECT UNDER THE DOCTRINE RECOGNIZED IN *BEBOUT v. QUICK* (1909), 81 O.ST. 196, WHETHER HE WOULD RELINQUISH THE BENEFIT CONFERRED BY THE WILL OR CONFORM HIS ACCEPTANCE OF THE BENEFIT TO THE WILL OF HIS FATHER THUS RECOGNIZING WANDA MINICK'S LIFE ESTATE."

Ellen and Noah Minick owned a farm. In 1981, Ellen Minick died. By her will, she devised a 160-acre tract of her undivided one-half interest in the farm to her son, Donald, subject to a life estate in Noah. The farmhouse is located on this 160-acre tract. Noah and his daughter Wanda continued to live in the house pursuant to Noah's life estate.

Noah died in 1987. By will, he devised his undivided one-half interest in the same 160-acre tract to Donald. By a codicil to the will, he left Wanda a life estate in the farmhouse.

For reasons not germane to this appeal, the executrix brought a declaratory judgment action. Wanda and Donald cross-claimed against each other for a determination of the extent of Wanda's life estate. Stating that Noah could not devise a greater interest than he owned at the time of his death, the court found that Wanda only received a life estate in the undivided one-half interest owned by

Noah at the time of his death.

Appellant argues that the devise to Donald of Noah's one-half interest is conditioned on Donald recognizing her life estate in all of the farm house. She argues that Donald was required to elect to reject the benefit conferred by the will, or to accept the benefit and recognize a life estate in Wanda as to all of the farm house.

Appellant relies primarily on the doctrine of *Bebout v. Quick* (1909), 81 Ohio St. 196. *Bebout* and its progeny, cited by appellant, stand for the proposition that a person who elects to take under the will must abide by the provisions in the will. He may not accept the benefits under the will, but refuse to assume the burdens annexed thereto. *E.g., Bennett v. Bennett* (1942), 70 Ohio App. 187, 190.

To impose such a burden on property not owned by the testator, there must appear on the face of the will a clear, unmistakable intention on the part of the testator to dispose of property which is not his own. *Foyes v. Grassman* (1937), 56 Ohio App. 375, 377. The conveyance of the life estate to Wanda reads as follows:

"In 'ITEM V' on Page Two of my Last Will and Testament, *I have devised to my son, DONALD F. MINICK, my interest* in 160 acres of land, more or less, before exceptions, together with all buildings thereon, which includes the dwelling house in which my daughter, WANDA, and myself now reside.

"Inasmuch as my daughter, WANDA M. MINICK, is unmarried, and has been residing with me in my home, it is my desire, and as such, I now make provision for her to have a life estate for and during her natural life in and to the home upon such *tract of land devised to my son.* It is my intent and purpose by this provision to provide a *life estate in my residence* dwelling for my said daughter, for the rest of her life. However, if WANDA should vacate the home, then this life estate shall cease and terminate. WANDA shall have the exclusive right to reside in the real estate at no cost or expense to her, with her only obligation being to maintain the dwelling home in the same condition in which it is now being maintained by me. However, the life estate created hereby shall apply only to the residence dwelling and *shall not impose any conditions upon the remaining real estate so devised to my son.*" (Emphasis added).

The language does not clearly impose a burden on the interest devised to Donald by his mother. To the contrary, the conveyance expressly refers to the devise of "my interest" and the devise to his son. This case is factually dissimilar to *Foyes, supra,* where the testator conveyed an interest in property over which he had no control. Noah had the ability to convey a life estate in his undivided one-half interest in the home. He did not have the power to convey any interest in the one-half interest his wife devised to Donald. As he did not clearly burden the property conveyed to Donald by Ellen, Wanda received a life estate only in her father's undivided one-half interest in the farmhouse.

The assignment of error is overruled.

The Judgment of the Muskingum County Probate Court is affirmed.

PUTMAN, P.J., and HOFFMAN, J., concur.